**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Soane Tuita; Tupou Tuita, ) | No. CV 12-1721-PHX-JAT |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Wells Fargo Bank, N.A.; et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

    On October 17, 2012, Defendant MTC Financial filed a motion to dismiss this case. Plaintiffs did not file a response. Instead, on October 24, 2012, Plaintiff Soane Tuita filed a notice of removal and a notice that she had filed bankruptcy. It is unclear to the Court what Plaintiff is seeking to remove. Therefore, that request that the, "District Court Action be removed to this Court and the District Court Action be placed upon the docket of this Court as an adversary proceeding" is denied.

    Generally, the automatic stay provisions of the bankruptcy code do not apply to proceedings initiated by the debtor, as is the case here. *See Martin-Trigona v. Champion Federal Savings & Loan*, 1988 WL 46596, *2 (N.D. Ill. 1988); *In re Hill*, 39 B.R. 894, 897 (Bkrtcy. Or., 1984).[1] Accordingly, Plaintiffs must respond to the motion to dismiss or the

---

[1] However, the cause of action is the property of the estate. *Turner v. Cooke*, 362 F.3d 1219, 1225-26 (9th Cir. 2004); *Cusano v. Klien*, 264 F.3d 936, 945 (9th Cir. 2001).

1  Court will deem their failure to respond to be consent to the motion being granted.  *See* Local
2  Rule Civil 7.2(i); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).
3       Based on the foregoing,
4       **IT IS ORDERED** that by March 20, 2013, Plaintiffs shall respond to the Motion to
5  Dismiss, or the Court will grant the motion for failing to comply with a Court order and
6  failing to prosecute (*see* Fed. R. Civ. Pro. 41(b)).
7       DATED this 20th day of February, 2013.

James A. Teilborg
United States District Judge