1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| Soane Tuita; Tupou Tuita,<br><br>   Plaintiffs,<br><br>vs.<br><br>Wells Fargo Bank, N.A.; et al.,<br><br>   Defendants. | No. CV 12-1721-PHX-JAT<br><br>**ORDER** |

On February 20, 2013, the Court issued the following order:

> On October 17, 2012, Defendant MTC Financial filed a motion to dismiss this case. Plaintiffs did not file a response. Instead, on October 24, 2012, Plaintiff Soane Tuita filed a notice of removal and a notice that she had filed bankruptcy. It is unclear to the Court what Plaintiff is seeking to remove. Therefore, th[e] request that the, "District Court Action be removed to this Court and the District Court Action be placed upon the docket of this Court as an adversary proceeding" is denied.
>
> Generally, the automatic stay provisions of the bankruptcy code do not apply to proceedings initiated by the debtor, as is the case here. *See Martin-Trigona v. Champion Federal Savings & Loan*, 1988 WL 46596, *2 (N.D. Ill. 1988); *In re Hill*, 39 B.R. 894, 897 (Bkrtcy. Or., 1984).[1] Accordingly, Plaintiffs must respond to the motion to dismiss or the Court will deem their failure to respond to be consent to the motion being granted. *See* Local Rule Civil 7.2(i); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).
>
> Based on the foregoing,
> **IT IS ORDERED** that by March 20, 2013, Plaintiffs shall respond to the Motion to Dismiss, or the Court will grant the motion for failing to comply with a Court order and failing to prosecute (*see* Fed. R. Civ. Pro. 41(b)).

---

[1] However, the cause of action is the property of the estate. *Turner v. Cooke*, 362 F.3d 1219, 1225-26 (9th Cir. 2004); *Cusano v. Klien*, 264 F.3d 936, 945 (9th Cir. 2001).

1 Doc. 12.

2 Plaintiffs did not respond to the motion. "Failure to follow a district court's local 3 rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) 4 (citing *U.S. v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)). "Although we construe pleadings 5 liberally in their favor, pro se litigants are bound by the rules of procedure." *Id.* at 54 (citing 6 *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). "Before dismissing the action, the district 7 court is required to weigh several factors: '(1) the public's interest in expeditious resolution 8 of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party 9 seeking dismissal]; (4) the public policy favoring disposition of cases on their merits; and (5) 10 the availability of less drastic sanctions.'" *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 11 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions 12 in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key 13 factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 14 652, 656 (9th Cir. 1990).

15 Here, the public interest in expeditious resolution and the court's need to manage its 16 docket both favor dismissal. Further, the risk of prejudice to Defendants exists because they 17 have expended the resources necessary to move to dismiss and this case is not proceeding. 18 Because the Court warned Plaintiffs of this result, and they still failed to respond to the 19 motion, the Court cannot craft a lesser sanction than dismissal. Thus, only the public policy 20 favoring resolution of cases on the merits weighs against dismissal.

21 Given that four factors weigh in favor of dismissal,

22 **IT IS ORDERED** that this case is dismissed, without prejudice, for failure to 23 prosecute under Federal Rule of Civil Procedure 41(b) and Defendant's motion to dismiss 24 (Doc. 9) is granted consistent with Local Rule Civil 7.2(i).

25 DATED this 22nd day of April, 2013.

James A. Teilborg
Senior United States District Judge